# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GUSTAVO MACIAS ZAMBRANO,

      Petitioner,

   v.

DAVID A. MARIN, *et al.*,

      Respondents.

Case No. 5:26-cv-02719-ACCV

**ORDER GRANTING PETITION**

## I.    RULING

Petitioner Gustavo Macias Zambrano ("Petitioner") is an immigration detainee in custody at the Desert View ICE Processing Facility in Adelanto, California.  A native and citizen of Mexico, Petitioner entered the United States in 2002.  On March 30, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner and placed him in removal proceedings.  Petitioner challenges his detention under the Due Process Clause and the Immigration and Nationality Act ("INA").

For the reasons discussed below, the Court grants the Petition.

/ / /

/ / /

/ / /

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner is a 44-year-old native and citizen of Mexico.  (Dkt. 1 at 5.)  Petitioner entered the United States without inspection in 2002.  (*Id.*)  He has resided in the United States for over 20 years, has habitually resided in San Bernardino County, and has no criminal record of any kind.  (*Id.* at 5-6.)  Petitioner has family ties in the United States, including a relationship with a Deferred Action for Childhood Arrivals recipient and their two United States citizen children.  (*Id.* at 6.)  Petitioner is employed and has filed taxes since 2014.  (*Id.*)  Petitioner was detained by ICE on March 30, 2026, due to mistaken identity.  (*Id.* at 3, 6.)

Petitioner requested a bond redetermination, but such request was denied on jurisdictional grounds on May 19, 2026.  (*Id.* at 2, 7.)

Petitioner filed his Petition for Writ of Habeas Corpus ("Petition") on May 20, 2026.  (*Id.*)  Advancing two claims, Petitioner argues his detention violates the INA and the Fifth Amendment's due process protections.  Petitioner requests, *inter alia*, that the Court grant the Petition requiring Respondents release Petitioner or provide a bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a), within five days, in which the government bears the burden to show by clear and convincing evidence that Petitioner is a danger to the community or flight risk to justify continued detention.  (*Id.* at 22.)  Petitioner also seeks a declaration that Respondents violated his due process rights and the INA by detaining him.  (*Id.*)  Petitioner requests an order preventing his transfer to another district or outside the United States.  (*Id.*)

The same day as his Petition, Petitioner filed an Application for Temporary Restraining Order, which was denied without prejudice on May 26, 2026.  (Dkt. 11 at 3.)

Respondents filed an Answer to the Petition on May 27, 2026.  (Dkt. 13.)  Respondents assert that Petitioner is not entitled to immediate release.  (*Id.* at 2-3.)

Instead, Respondents state that Petitioner appears to be eligible for a bond hearing under the reasoning of *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*").  (*Id.* at 1-2.)  Petitioner maintains, and Respondents appear to concede that Petitioner has not had an individualized bond hearing concerning his detention since he was detained.  (*Id.* at 1-2; *see* Dkt. 1 at 2.)  In his May 29, 2026 Reply, Petitioner agrees that he is a bond eligible class member under *Bautista*.  (Dkt. 14 at 1-3.)

### III.   DISCUSSION

Petitioner argues that his ongoing confinement violates due process and the INA.  Consistent with recent decisions by this District and others, and the parties' agreement, the Court finds that Petitioner is a *Bautista* bond eligible class member.  Therefore, the Court grants the Petition and orders a bond hearing pursuant to *Bautista*.  The Court dismisses Petitioner's remaining claims as moot.

The certified class in *Bautista* is "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127.  Here, Petitioner entered the United States in 2002 without inspection, was not apprehended and paroled upon his arrival in the United States, and as such, the Department of Homeland Security cannot have made an initial custody determination that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  (Dkts. 1 at 5-6; 14 at 1-3.)  Respondents state in their Answer that they "acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to

it." (Dkt. 13 at 2.)  In Petitioner's Reply, he states that the parties are in agreement that Petitioner is a member of the *Bautista* Bond Eligible Class, and therefore requests that "the Court will direct that he be afforded a bond hearing within seven (7) days." (Dkt. 14 at 1-3.)  Given the foregoing, and the parties' agreement, the Court finds that Petitioner is a member of the *Bautista* Bond Eligible Class.

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning in *Bautista*, the Court grants the Petition for the reasons stated in the orders in *Bautista* and the reasoning above.  *See Bautista*, 813 F. Supp. 3d at 1100-1128.

### IV.    ORDER

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is granted as to Petitioner's request for a hearing pursuant to *Bautista*; (2) Respondents must provide Petitioner Gustavo Macias Zambrano (A# 221-462-276) an individualized bond hearing before an immigration judge within seven (7) days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; and (3) Petitioner's other claims are denied as moot in the Petition in light of the narrow scope of relief sought in the Petition and articulated in Petitioner's reply.

DATED: June 11, 2026

_____
HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4